UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-01191-O |
| JIMMY MATHEWS, | § § § | |
| Defendant. | § | |

**NOTICE OF DEFICIENCY**

On January 4, 2024, the Court issued its Meet and Confer Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, which required a Joint Status Report to be filed by the parties. *See* Meet and Confer Order, ECF No. 9. Paragraph 12 of Section II of that Order instructed the parties to submit a proposed trial date, the *estimated number of days required for trial*, and whether the parties demand a jury. *Id*. at § II, ¶ 12.

On January 19, 2024, the parties filed a timely Joint Status Report pursuant to the Meet and Confer Order. *See* Joint Status Report, ECF No. 12. Therein, the parties provided their proposed trial date and waiver of jury trial, but neglected to provide an estimated number of days required for trial. *Id.* at ¶ 12 ("The parties propose a trial date of Monday, March 11, 2025. The parties anticipate it will take approximately *25-35 hours to present the evidence* in this case. No jury has been demanded at this time." (emphasis added)).

This is a deficient filing. Hours are not days. Neither did the Court's order ask for a time estimate on the mere presentation of evidence. Because the joint report does not address how many calendar days the parties anticipate are required to fully try this case (if necessary), the

Court cannot create a binding scheduling order centered around the potential trial of this case until the parties address this matter with more precision.

Accordingly, the parties are **ORDERED** to cure this deficiency by filing an amended joint status report or an amendment to their Joint Status Report (ECF No. 12) **no later than February 2, 2024**. Failure to comply with this Order will result in *sua sponte* dismissal of this case pursuant to the Federal Rules of Civil Procedure and the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." FED. R. CIV. P. 41(b); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

**SO ORDERED** on this **22nd day** of **January, 2024**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE